UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Evert Software, Inc., Plaintiff, v. Extreme Recoveries, LLC, and Anne Savitski, Defendants. | ) | Case No. 01-1027 (JRT/FLN) |

**PROTECTIVE ORDER**

Plaintiff, Evert Software, Inc. ("ESI") and Defendants, Extreme Recoveries, LLC, and Anne Savitski ("Extreme Recoveries") each assert that it possesses information which is confidential. Both parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party certain of its confidential information, but each wishes to ensure that confidential information shall not be used for any purpose other than this action, shall not be made public, or be disseminated beyond the extent necessary for this action.

Accordingly, the Court hereby orders and enters the following procedure for the protection of confidential and proprietary information:

**Definitions**

1. CONFIDENTIAL INFORMATION means any information document or thing designated by any party in good faith as confidential because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Fed.R.Civ.P. 26(c)(7). CONFIDENTIAL INFORMATION shall include a subset of information that bears the additional designation ATTORNEYS' EYES ONLY. Therefore, as used herein,

FILED ... 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

CONFIDENTIAL INFORMATION includes both CONFIDENTIAL INFORMATION that is also designated ATTORNEYS' EYES ONLY and CONFIDENTIAL INFORMATION that is not additionally designated ATTORNEYS' EYES ONLY.

**Designation of Information**

2. It is contemplated that one or more of the parties may make available certain of its files for inspection by the other party or parties, which may contain confidential as well as nonconfidential material. In order to protect any confidential information contained in the files produced for inspection, all documents made available for inspection shall be assumed to be CONFIDENTIAL INFORMATION ATTORNEYS' EYES ONLY and shall be treated as such until the producing party has had the opportunity to designate and mark them as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION ATTORNEYS' EYES ONLY.

3. For any document or thing which the producing party deems to be CONFIDENTIAL INFORMATION, the producing party shall mark the document or thing "(ESI or EXTREME RECOVERIES) CONFIDENTIAL INFORMATION" at the time it is copied for the receiving party. Any copy of the document or thing or any abstract, summary or memorandum embodying information designated pursuant to this Order shall bear on its face "(ESI or EXTREME RECOVERIES) CONFIDENTIAL INFORMATION." For responses to Interrogatories embodying information designated pursuant to this Order, the entire document can be marked CONFIDENTIAL INFORMATION by so marking on the first page, or individual Interrogatory answers can be deemed CONFIDENTIAL INFORMATION by indicating at the beginning of the response "This Interrogatory contains CONFIDENTIAL INFORMATION." Documents may also be stamped ATTORNEYS EYES ONLY to invoke the more restricted class of CONFIDENTIAL INFORMATION as further restricted by ¶ 7(e).

4. Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

(a) At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall mark those pages of the transcript containing CONFIDENTIAL INFORMATION. The reporter shall then bind the confidential portion and non-confidential portions separately, whenever possible. A request shall be made on the record whenever possible, but any party may designate portions of the transcript after transcription, as in the case of any other document or thing, provided that written notice of the designation is promptly given to the other parties. The parties shall not disseminate a deposition transcript or its contents beyond the persons designated in paragraphs 7 and 8 for thirty (30) days after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court at any time.

(b) The cover of any deposition transcript which contains CONFIDENTIAL INFORMATION shall be prominently marked with the legend referred to in paragraph 3. All deposition transcripts designated as CONFIDENTIAL INFORMATION shall be sealed and dissemination limited to the persons identified in paragraphs 7 and 8 hereof, provided that this provision shall not preclude disclosing testimony to any person who is a co-employee of the deponent whose testimony was marked CONFIDENTIAL INFORMATION or was so at the time of the events to which the testimony was directed. Any former employee shall execute, prior to any disclosure of CONFIDENTIAL INFORMATION, a written statement under oath, in the form of Exhibit "A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them.

5. Any documents containing CONFIDENTIAL INFORMATION which are included with or the contents disclosed in any paper filed with the court shall be filed in sealed envelopes

prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS**
**CONTENTS DISPLAYED, COPIED OR REVEALED,**
**EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES**

**Use of Confidential Information**

6. All material produced by any party in this action which is designated as CONFIDENTIAL INFORMATION shall be maintained according to this Order and used solely in the preparation, prosecution or trial of this action. Subject to the provisions of paragraphs 4 and 9, nothing shall prevent disclosure of any CONFIDENTIAL INFORMATION (1) by the party who designated the item CONFIDENTIAL INFORMATION or (2) to any employee of such party or any former employee of such party who was involved with the matters to which the item is directed at the time of the events to which the item is directed, or (3) any non-party who authored or received the item prior to its production to the other party. Any former employee shall execute, prior to any disclosure of CONFIDENTIAL INFORMATION, a written statement under oath, in the form of Exhibit "A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them.

7. Access to CONFIDENTIAL INFORMATION shall be restricted to the Court and its officers and to the following:

(a) For ESI, the firm of Moss & Barnett, P.A.

(b) For EXTREME RECOVERIES, the firm of Merchant & Gould, P.C.

(c) Outside experts retained by Plaintiff or Defendants for purposes of this litigation and their staff, provided any such person first executes a written statement, under oath in the form of Exhibit "A." In addition, five (5) days notice shall be given to the other party prior to any disclosure to an outside expert.

(d) One management representative of ESI and one management representative of EXTREME RECOVERIES that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A.

(e) CONFIDENTIAL INFORMATION marked "ATTORNEYS' EYES ONLY" shall be disclosed and disseminated only to the persons designated in ¶¶ 7(a), 7(b) and 7(c) above. CONFIDENTIAL INFORMATION bearing the additional designation ATTORNEYS' EYES ONLY shall not be disclosed or disseminated to those persons designated in ¶ 7(d) above.

8. Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached as Exhibit "B" and such statement shall be kept by counsel for reference. No documents or physical things embodying CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

**<u>Information Designated Improperly</u>**

9. The restrictions above shall not apply to:

(a) any information which at the time of disclosure is available to the public;

(b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

(c) any information which the receiving party, its counsel or independent consultants can show (i) as a matter of written record was already known to the receiving party from legitimate sources, (ii) as a matter of written record was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as CONFIDENTIAL INFORMATION (subject to the provisions in paragraph 13), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

10. The receipt of CONFIDENTIAL INFORMATION by a party shall not be construed as agreement by any party that it is confidential, and shall not operate as a waiver of any party's right to challenge any such designation.

11. In the event of any dispute with respect to the correctness of the designation of CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, any party may move for an appropriate order. The information shall be treated as CONFIDENTIAL INFORMATION until the issue is resolved.

12. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION shall rest on the designating party, except that the burden of proving the exceptions set forth in paragraph 7 shall rest on the party asserting the exceptions.

13. (a) If a furnishing party inadvertently discloses to a receiving party any document or thing containing information that it deems confidential without designating it as CONFIDENTIAL INFORMATION, the furnishing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing. The receiving party shall treat the information as CONFIDENTIAL INFORMATION. To the extent such document, thing or information may have been disclosed to persons other than authorized persons, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party shall assert that such disclosure waived any privilege or immunity. The receiving party will return such inadvertently produced information and all copies within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request.

14. Within one hundred twenty (120) days after completion of the litigation and any appeals thereof, the parties shall return (or certify destruction of) all documents designated as CONFIDENTIAL INFORMATION and all copies, extracts, excerpts and summaries of such documents, except that trial counsel for each party may retain one copy of deposition or trial exhibits, transcripts, and pleadings for five (5) years, after which they shall be returned or destroyed.

15. Copies of Exhibit A executed pursuant to this Order shall be duplicated and served within three (3) days of its execution on the party whose CONFIDENTIAL INFORMATION is sought to be disclosed.

16. The duties and responsibilities of this Order shall survive the termination of this lawsuit.

**Non-Party Discovery**

17. Discovery of non-parties to this action may involve receipt of information, documents, objects, or testimony which include or contain CONFIDENTIAL INFORMATION. A non-party producing such materials in this case may designate as CONFIDENTIAL INFORMATION some or all of the materials it produces in the same manner as provided for in this Order with respect to materials furnished by or on behalf of the parties to this action. All documents and other materials produced by non-parties shall be deemed CONFIDENTIAL INFORMATION for a period of fifteen (15) days from their production, and during that period any party may designate as CONFIDENTIAL INFORMATION any or all of such material, whether or not the producing non-party has also so designated. Any party also may designate as CONFIDENTIAL INFORMATION any other documents, objects, or other materials which have been furnished by a non-party and which constitute CONFIDENTIAL INFORMATION of the designating party under the terms of Paragraph 1 of this Order, whether or not the producing non-party has also so designated. Non-party materials designated as CONFIDENTIAL INFORMATION by a non-party or party shall be governed by the terms of this Protective Order.

**Other**

18. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the

confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

19. Each of the firms and parties named above, shall be bound by the provisions of this Protective Order and shall use due care to see that its provisions are known and adhered to by those under its supervision or control.

**IT IS SO ORDERED** this 5th day of February, 2002.

Franklin L. Noel

THE HONORABLE FRANKLIN L. NOEL
UNITED STATES DISTRICT COURT
CHIEF MAGISTRATE JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Evert Software, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01-1027 (JRT/FLN) |
| | ) | |
| v. | ) | |
| | ) | |
| Extreme Recoveries, LLC, and | ) | |
| Anne Savitski, | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF ______________________________**

State of )
) ss.
County of )

_________________________________ being sworn, deposes and says:

1. I have been requested by counsel for (Evert Software, Inc. or Extreme Recoveries, LLC, and Anne Savitski) to assist counsel with certain material which I have been informed is Confidential Information within the terms of the Protective Order issued by the Court in the above-entitled action.

2. I have read the Protective Order dated ____________________, entered in this action and I agree not to disclose any information designated as Confidential Information and not to use such information other than in assisting counsel for (__________________).

3. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here and I appoint ________________________________ (Minnesota counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Signed:____________________________

Subscribed and sworn to before me this _______ day of _________________, 2002.

____________________________________

Notary Public

**EXHIBIT B**

**AGREEMENT TO PROTECT**
**CONFIDENTIAL INFORMATION**

1. This Agreement is between (CONSULTANT)

__________________________________________________________ and

(NAME) ________________________________________________ residing at

(ADDRESS)_______________________________.

2. I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

3. I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

Signed:______________________________

Date:_______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.