UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Evert Software, Inc.,

Plaintiff,

v.

Extreme Recoveries, LLC, and Anne Savitski,

Defendants.

Civil No. 01-1027 JRT/FLN

**ORDER**

---

Thomas J. Shroyer, Esq., Tom Sheran, Esq., and Huyen Le Phan, Esq., for Plaintiff.
Matthew J. Goggin, Esq., for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 28, 2002, on Defendant Extreme Recoveries, LLC and Anne Savitski's ("Defendants") Motion to Quash Evert Software Inc.'s Subpoenas Served On Diane Harig and For a Protective Order [#52].

Following the Parties' arguments, the Court **DENIED** Defendants' Motion to Quash Evert Software's Subpoenas Served On Diane Harig and For a Protective Order [#52], except insofar as it pertained to certain documents that were withheld under the attorney-client privilege, work product doctrine or as Defendants' confidential information. These documents were submitted to the Court for an in camera review to determine whether they were properly withheld under any of the aforementioned protections.

Before turning to the merits of the submitted documents, we quickly dispose of the argument raised by Defendants concerning our exercise of jurisdiction in this case. Evert Software, Inc., ("Plaintiff") contends that Defendants lack standing to challenge the subpoenas because they were not directed at them, nor did they have a possessory interest in the documents requested.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Generally, a motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena. See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995). Because Defendants raised a claim of privilege respecting the documents at issue, we reject Plaintiff's contention that Defendants lacked standing to challenge the subpoenas. See id.; see also In re Grand Jury Subpoena, 148 F.3d 487, 490 (5th Cir. 1998) (holding that a third party has standing to challenge a . . . subpoena where the third party has a claim of privilege respecting information or materials sought by the subpoena). With that we now turn to the merits of the documents submitted for in-camera inspection.

## I. STANDARD OF REVIEW

The attorney-client privilege is a "long established rule that confidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client." Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 601 (8th Cir. 1977); U.S. v. Spector, 793 F.2d 932 (8th Cir. 1986). For the privilege to apply, the parties in question: (1) must have a lawyer and client relationship; (2) the communication must have been made in confidence; and (3) the lawyer must have been engaged or consulted by the client for the purpose of obtaining legal services or advice that a lawyer may perform or give in his capacity as a lawyer, not in some other capacity." Diversified Indus., Inc., 572 F.2d at 602.

The work product doctrine is distinct from the attorney-client privilege. As our Court of Appeals has noted, "the work product doctrine was designed to prevent 'unwarranted inquiries into the files and mental impressions of an attorney' and recognizes that it is 'essential that a lawyer work

with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.'" Simon v. G.D. Searle & Co., 816 F.2d 397, 400-02 (8th Cir. 1987); citing Hickman v. Taylor, 329 U.S. 4950, 510-11 (1947); Fed. R. Civ. P. 26(b)(3). Under the work-product doctrine, "information or materials assembled by or for a person in anticipation of litigation or in preparation for trial may be qualifiedly privileged from disclosure to an opposing party." Diversified Indus., Inc., 572 F.2d at 601.

There are two kinds of work product--ordinary work product and opinion work product. Ordinary work product includes raw factual information. See Gundacker v. Unisys Corp., 151 F.3d 842, 848, n.4 (8th Cir.1998). Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. See id. at n. 5. Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. See Fed. R. Civ. P. 26(b)(3). In contrast, opinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud. See In re Murphy, 560 F.2d 326, 336 (8th Cir.1977).

Defendants have produced seventeen documents and a two page "privilege log" for in-camera review.[1] The documents consist of twelve invoices/attorney bills, two letters and three other

---

[1] The party asserting the attorney-client privilege or the work product doctrine bears the burden to provide a factual basis for its assertions. See Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985). Fed. R. Civ. P. 26.02(e) provides that:

> when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that,

documents. A careful review of each document was conducted.

## II. ANALYSIS

### A. Bills and Invoices

The work-product doctrine is clearly not at issue with respect to the bills or invoices, consequently our review is limited to the applicability of the attorney-client privilege. After considering all documents submitted for in-camera review, we find that many of the invoices or bills submitted and listed on the privilege log are not entitled to the protection of the attorney-client privilege.

With respect to legal bills or invoices, the general rule is that "the identity of the client, the amount of the fee, the identification of payment by case file name and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." Clarke

---

> without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

This burden is met when the party produces "a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit" from counsel. Rabushka ex rel. United States v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997) (applying the test to both attorney-client privilege and the work product doctrine).

Initially, this Court notes that Defendants did not meet their burden because they never provided a detailed privilege log to Plaintiff. The initial privilege log Defendants provided to Plaintiff was merely a declaration by Attorney Alan Gorman and was vague, ambiguous, not "Bates" identified and merely identified the general categories of documents. The Rule provides for detailed privilege log, which lists for each document withheld, the type of document, the date of creation, the author, the recipient, the subject matter and the applicable privilege.

Despite this error - which may have been the result of time constraints, the Court notes that the "new" privilege log submitted with the documents for in-camera inspection and provided to Plaintiff during the May 28, 2002, hearing, is still inadequate. Specifically, this new privilege log fails to provide the applicable privilege believed to protect the relevant documents. Despite this further shortcoming, the Court will conduct its own analysis to determine which applicable privilege is believed to protect the relevant documents.

v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992); U.S. v. Rossini, 1997 WL 809688 (D. Minn. July 17, 1997). On the other hand, billing statements "which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law, fall within the privilege." Id.

Upon review, this Court concludes that most of the bills or invoices do little more than show the client's identity, fee amounts, an account number and the general purpose of the work performed and as such, are not protected by the attorney-client privilege. However, a limited amount of the bills or invoices reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege. Specifically, the Court concludes that:

1. The summary pages from attorney bills showing dollars billed on matter dated 5/1/01, 7/1/01, 8/1/01, 9/1/01, 10/1/01 & 11/1/01, are not protected by the attorney-client privilege and must be produced;

2. The three-page attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 4/1/01, is not protected by the attorney-client privilege and must be produced;

3. Pages 1, 6, 7 & 8 of attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 8/1/01, are not protected by the attorney-client privilege and must be produced. Pages 2-5 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

4. Pages 3 & 4 of attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 9/1/01, are not protected by the attorney-client privilege and must be produced. Pages 1 & 2 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

5. Pages 4-6 of attorney bill to Extreme Recoveries with detailed description of

billed services and client check, dated 10/1/01, are not protected by the attorney-client privilege and must be produced. Pages 1-3 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

6. Pages 3-6 of attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 11/1/01, are not protected by the attorney-client privilege and must be produced. Pages 1 & 2 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

7. Pages 3-5 of attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 12/1/01, are not protected by the attorney-client privilege and must be produced. Pages 1 & 2 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege.

**B. Written Correspondence**

As noted earlier, Defendants submitted two letters for in-camera review. One of these letters was drafted on 1/24/02, by Ms. Harig's counsel, Mr. Robert Smith, and sent to Defendants' counsel, Mr. Alan Gorman. The other letter was drafted by Mr. Gorman on 1/25/02 and sent to Mr. Smith. After considering both documents and in light of the aforementioned governing case law, we find that only the 1/25/02 letter written by Mr. Gorman is arguably entitled to the protection of the work-product doctrine. The 1/24/02 letter by Mr. Smith is clearly not entitled to any protection.

**C. Three Other Documents**

As noted earlier, Defendants also submitted three other documents for in-camera review. These are: (1) a draft of "Litigation Cost Sharing and Joint Defense Agreement"; (2) a draft of "Termination Agreement" relating to Ms. Harig's interest in Extreme Recoveries; and (3) document request with client's handwritten notes. After considering the documents and in light of the

aforementioned governing case law, we find that all three documents are entitled to protection under the attorney-client privilege and need not be produced. That being said, we must now address Plaintiff's contention that Defendant waived any privilege claim with respect to the draft of the "Litigation Cost Sharing and Joint Defense Agreement" by disclosing the essence of said agreement to Plaintiff.

The attorney/client privilege is waived by the voluntary disclosure of privileged communications, and courts typically apply such a waiver to all communications on the same subject matter. See U.S. v. Workman, 138 F.3d 1261, 1263 (8th Cir. 1998); Grumman Aerospace Corp. v. Titanium Metals Corp. of America, 91 F.R.D. 84, 90 (E.D.N.Y. 1981) ("Disclosure to an adversary waives the work product protection as to items actually disclosed, even where disclosure occurs in settlement.") The record is devoid of any evidence that would enable this Court to make an informed decision regarding waiver. Consequently, in light of the foregoing, this Court concludes that Defendants did not waive any protection pertaining to the "Litigation Cost Sharing and Joint Defense Agreement."

## III. ORDER

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' privilege objections pertaining to the summary pages from attorney bills showing dollars billed on matter dated 5/1/01, 7/1/01, 8/1/01, 9/1/01, 10/1/01 & 11/1/01, are **OVERRULED**. The documents must be produced within two days of the date of this order;

2. Defendants' privilege objections pertaining to the three page attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 4/1/01, are **OVERRULED**. The documents must be produced within two days of the date of this order;

3. Defendants' privilege objections pertaining to the attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 8/1/01, are **OVERRULED in part** and **SUSTAINED in part** as follows:

   a. Pages 1, 6, 7 & 8 of said document are not protected by the attorney-client privilege and must be produced within two days of the date of this order;

   b. Pages 2-5 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

4. Defendants' privilege objections pertaining to the attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 9/1/01, are **OVERRULED in part** and **SUSTAINED in part** as follows:

   a. Pages 3 & 4 of said document are not protected by the attorney-client privilege and must be produced within two days of the date of this order;

   b. Pages 1 & 2 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

5. Defendants' privilege objections pertaining to the attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 10/1/01, are **OVERRULED in part** and **SUSTAINED in part** as follows:

   a. Pages 4-6 of said document are not protected by the attorney-client privilege and must be produced within two days of the date of this order;

b. Pages 1-3 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

6. Defendants' privilege objections pertaining to the attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 11/1/01, are **OVERRULED in part** and **SUSTAINED in part** as follows:

a. Pages 3-6 of said document are not protected by the attorney-client privilege and must be produced within two days of the date of this order;

b. Pages 1 & 2 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

7. Defendants' privilege objections pertaining to the attorney bill to Extreme Recoveries with detailed description of billed services and client check, dated 12/1/01, are **OVERRULED in part** and **SUSTAINED in part** as follows:

a. Pages 3-5 of said document are not protected by the attorney-client privilege and must be produced within two days of the date of this order;

b. Pages 1 & 2 of said document reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law and as such, fall within the privilege;

8. Defendants' objections pertaining to Mr. Smith's 1/24/02 letter are **OVERRULED**. The letter must be produced within two days of the date of this order;

9. Defendants' objections pertaining to Mr. Gorman's 1/25/02 letter are **SUSTAINED**;

10. Defendants' privilege objections are **SUSTAINED** insofar as they pertain to (1) the draft of "Litigation Cost Sharing and Joint Defense Agreement"; (2) the draft of "Termination Agreement" relating to Ms. Harig's interest in Extreme Recoveries; and (3) the document request with client's handwritten notes;

11. All documents produced as set forth herein are subject to the terms and provisions of the Protective Order already entered in this case.

DATED: June 3 2002

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE